Gunter, J.
General demurrer to complaint sustained. Prom judgment of dismissal plaintiff appeals.
The complaint alleges that April 19, 1893, Frank A. Berg was the owner of lots 10, 11 and 12, block 4, Rose Hill Addition to the city of Boulder; that said date he gave a trust deed thereon to secure the payment of a promissory note of $300, payable to one Harlow; that July 15,1893, he deeded said lots — without consideration — to his wife, Anna Berg; that Jan- *342 nary 22, 1894, said Frank A. Berg and Anna Berg made a trust deed on said'lots securing the payment of a promissory note of $249, payable to Frank Lounsberry; that June 17,1895, Frank A. Berg agreed with plaintiff, Mary G. Arnett, Jo convey to her said lots in consideration of her agreeing to discharge the said Harlow and Lounsberry notes, and in pursuance thereof made a deed of said lots to plaintiff; that at the date of last mentioned conveyance plaintiff was in ignorance- of the conveyance of January 22, 1894, by-Frank A. Berg to Anna Berg, and plaintiff then and there - believed that she was acquiring said lots subject to the trust deeds securing the notes assumed; that said Anna Berg at the time of making the said contract between Frank A. Berg and plaintiff, and at the time of the- execution of the deed from Frank A. Berg to plaintiff, knew of the contract and deed and intended that plaintiff should acquire thereby all the rights of herself and husband in said lots; that she consented to the making of said contract and deed, and acquiesced therein until April 8,1899; that plaintiff went into possession of said lots in pursuance of said agreement and deed under the belief that she thereby became the owner thereof, and that ever since said date — except from June, 1898, to May, 1899, during which time Jennie Devlin held title to said lots 11 and 12 — she has been, and now is the owner and in possession of said lots, and while so in possession has inade valuable and permanent improvements therebn; that in pursuance of said agreement with Frank A. Berg she has discharged the said two notes assumed by her, and that the trust deeds securing the same 'have been released; that she has paid all taxes assessed upon said lots for the years 1894 to 1897, inclusive, and for the first half of .1898; that no claim upon said lots was made by thé sáid Anna Berg until April 8,1899; that on last mentioned date Anna Berg, *343 with the concurrence of Prank A. Berg, without any consideration therefor, executed a warranty deed purporting to convey said lots to one Pyle, who paid no consideration therefor, hut took the same in secret trust for Anna Berg and Prank A. Berg with the intent of defrauding plaintiff of her interest therein. On the date of the execution of said deéd by Anna Berg to Pyle the latter gave a trust deed on said lots to secure a pretended note to her of $300.
Plaintiff prays judgment quieting the title in her as against Prank A. Berg, Anna Berg, Pyle and the trustee in the trust deed securing said pretended note of $300. Other relief is asked immaterial to this ruling. .
The complaint contains the further allegation that the value of the property involved does not exceed the sum of two thousand dollars.
Appellees contend that the judgment of dismissal should be affirmed, and assign as reason therefor, that, the cause of action sued on was equitable; that the county court has no equity jurisdiction, therefore its judgment dismissing for want of jurisdiction the equitable action was right'. This contention is determined by our constitutional and statutory law:
“County courts shall be courts of record and shall have original jurisdiction in all matters of' probate * * * and such other civil * * *■ jurisdiction as may be conferred by law; provided such courts shall not have jurisdiction in any ease where the debt, damage, or claim, or value of the property involved shall exceed two thousand dollars, except in cases relating to the estate of deceased persons.” — Const., art. 6, sec. 23; Mills’ Ann. Stats., vol. 1, see. 395, p. 272.
‘‘The district courts shall have original jurisdiction of all causes both at law and in equity * * — Const., art. 6, sec. 2; Mills’ Ann. Stats., vol. 1, sec. 383, p. 265. '1 ;
*344 “County courts of the several counties of this state shall hereafter have concurrent jurisdiction with the district courts in all civil actions, suits, and proceedings whatsoever, where the debt, damage or claim, or the value of the property involved shall not exceed two thousand dollars,” — Mills’ Ann. Stats., vol. 1, sec. 1054, p. 834.
By section 23, supra, county courts may have such civil jurisdiction as shall be conferred by law within the two thousand dollar limit.
By section 2, supra, the district court has original jurisdiction of all causes both at law and in equity.
Section 1054, supra, confers upon the county court concurrent jurisdiction with the district court in all civil actions, suits, and proceedings whatsoever within the two thousand dollar limitation.
The suit under consideration was a civil action of which the district court would have had jurisdiction ; as the value of the property involved was within the jurisdictional limit, the county court under section 1054, supra, had concurrent jurisdiction with the district court of the action.
A recognition of the equitable jurisdiction of the county court appears throughout our constitutional and statutory law. Were it necessary to invoke it, the unchallenged practice in the state during more than a quarter of a century could be given weight in support of the conclusion we have reached.
As stated above, the deed from Frank A. Berg to Anna Berg was made July 15,1893, and was recorded July 17, same year. June 17, 1895, the deed from Frank A. Berg to plaintiff was made. The present suit was ins'fttuted July 29,1899.
Defendants contend that the action is barred under Mills’ Ann. Stats., vol. 2, see. 2911, p. 1641, providing in substance that bills for relief on ground of fraud shall be filed within three years after the dis *345 covery of facts constituting such fraud, and not after-wards.
A sufficient answer to this contention is that no fraud was intended to be perpetrated, or was perpetrated, until April 8, 1899, when Frank A. Berg and Anna Berg denied that plaintiff was the owner in fee of the premises in suit. The present action Was instituted within five months of such time. It is unnecessary to discuss other reasons assigned why this action is not within the statute. The court erred in sustaining the demurrer. Its judgment should he reversed.

Reversed.